IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 7:07-CR-36-WLS |
| | : | |
| v. | : | VIOLATION: 21 U.S.C. § 846 i/c/w |
| | : | 21 U.S.C. § 841(a)(1) |
| | : | 21 U.S.C. § 841(b)(1)(A)(ii) |
| | : | 21 U.S.C. § 853 |
| Juan Gabrial Maldonado, | : | |
| Oscar Perez aka PeeWee aka Pelone, | : | |
| Birginio Maldonado Nunes, | : | |
| Joaquin Vaca Robles, and | : | |
| Adrian Negron Perez | : | |
| Defendants. | : | |

**THE GRAND JURY CHARGES:**

### Count One

Beginning on or about December 1, 2006 and continuing until on or about June 18, 2007, the dates being approximate and inclusive, in the Valdosta Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court, the defendants,

**JUAN GABRIEL MALDONADO, BIRGINIO MALDONADO NUNES, JOAQUIN VACA ROBLES, AND ADRIAN NEGRON PEREZ**

did unlawfully, knowingly, wilfully and intentionally conspire together with one another and with others both known and unknown to the Grand Jurors to possess a Schedule II controlled substance, to wit: cocaine in excess of five (5) kilograms with the intent to distribute the same, all in violation of Title 21, United States Code, Section 846 i/c/w Title 21 United State Code Section 841(a)(1) and 841(b)(1)(A)(ii).

## Count Two

On or about December 7, 2006, in the Valdosta Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court, the defendant,

### BIRGINIO MALDONADO NUNES

did unlawfully, knowingly, wilfully and intentionally possess a Schedule II controlled substance, to wit: cocaine hydrochloride with intent to distribute the same all in violation of Title 21, United States Code Section 841(a)(1) and 841(b)(1)(C).

## Count Three

On or about February 21, 2007, in the Valdosta Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court, the defendant,

### JUAN GABRIEL MALDONADO

did unlawfully, knowingly, wilfully and intentionally possess a Schedule II controlled substance, to wit: cocaine hydrochloride with intent to distribute the same all in violation of Title 21, United States Code Section 841(a)(1) and 841(b)(1)(C).

## Count Four

On or about June 18, 2007, in the Valdosta Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court, the defendants,

### JUAN GABRIEL MALDONADO, JOAQUIN VACA ROBLES, AND ADRIAN NEGRON PEREZ

aided and abetted by one another and by others known and unknown to the Grand Jury did unlawfully, knowingly, wilfully and intentionally possess a Schedule II controlled substance,

to wit: cocaine hydrochloride in excess of five (5) kilograms with intent to distribute the same all in violation of Title 21, United States Code Section 841(a)(1) and 841(b)(1)(A)(ii).

## Count Five
## Forfeiture Allegation

The allegations contained in Counts One, Three, and Four of this Indictment are hereby re-alleged and incorporated by reference into this Count for the purpose of alleging forfeiture to the United States of America, pursuant to the provisions of Title 21, United States Code, Section 853.

As a result of the commission of the aforesaid violations of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A)(ii), and 841(b)(1)(C), which are punishable by imprisonment for more than one year, the defendant, **JUAN GABRIEL MALDONADO**, shall forfeit to the United States all of his interest in any and all property constituting and derived from any proceeds the defendant obtained, directly and indirectly, as a result of such violations, and any and all property, real or personal, used and intended to be used in any manner or part to commit and to facilitate the commission of the aforesaid violation, including, but not limited to, the following:

1. 2001 Chevrolet Silverado, VIN 1GCHK29U31Z262977 (Registered to Juan Gabriel Maldonado).

If any of the property subject to forfeiture, as a result of any act of omission of the defendant:

a) cannot be located upon the exercise of due diligence;

b) has been transferred, sold to or deposited with, a third person;

c) has been placed beyond the jurisdiction of the court;

d) has been substantially diminished in value; or

e) has been commingled with other property which cannot be subdivided without

difficulty, it is the intent of the United States, pursuant to Title 21, United States code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

All as provided in Title 21, United States Code, Section 853.

## Count Six
## Forfeiture Allegation

The allegations contained in Counts One and Two of this Indictment are hereby re-alleged and incorporated by reference into this Count for the purpose of alleging forfeiture to the United States of America, pursuant to the provisions of Title 21, United States Code, Section 853.

As a result of the commission of the aforesaid violations of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A)(ii), and 841(b)(1)(C), which are punishable by imprisonment for more than one year, the defendant, **BIRGINIO MALDONADO NUNES**, shall forfeit to the United States all of his interest in any and all property constituting and derived from any proceeds the defendant obtained, directly and indirectly, as a result of such violations, and any and all property, real or personal, used and intended to be used in any manner or part to commit and to facilitate the commission of the aforesaid violation, including, but not limited to, the following:

1. 1998 Ford F-150, VIN 1FTZX17W9WNB43205 (Registered to Bonifacio Maldonado).

If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

a) cannot be located upon the exercise of due diligence;

b) has been transferred, sold to or deposited with, a third person;

c) has been placed beyond the jurisdiction of the court;

d) has been substantially diminished in value; or

e) has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

All as provided in Title 21, United States Code, Section 853.

## Count Seven
## Forfeiture Allegation

The allegations contained in Counts One and Four of this Indictment are hereby re-alleged and incorporated by reference into this Count for the purpose of alleging forfeiture to the United States of America, pursuant to the provisions of Title 21, United States Code, Section 853.

As a result of the commission of the aforesaid violations of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)(ii), which are punishable by imprisonment for more than one year, the defendant, **JOAQUIN VACA ROBLES**, shall forfeit to the United States all of his interest in any and all property constituting and derived from any proceeds the defendant obtained, directly and indirectly, as a result of such violations, and any and all property, real or personal, used and intended to be used in any manner or part to commit and to facilitate the commission of the aforesaid violation, including, but not limited to, the following:

1. 2002 Chevy Malibu VIN 1G1NE52J22M702691 (Registered to Joaquin Robles).

If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

a) cannot be located upon the exercise of due diligence;

b) has been transferred, sold to or deposited with, a third person;

c)    has been placed beyond the jurisdiction of the court;

d)    has been substantially diminished in value; or

e)    has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

All as provided in Title 21, United States Code, Section 853.

## Count Eight
## Forfeiture Allegation

The allegations contained in Counts One and Four of this Indictment are hereby re-alleged and incorporated by reference into this Count for the purpose of alleging forfeiture to the United States of America, pursuant to the provisions of Title 21, United States Code, Section 853.

As a result of the commission of the aforesaid violations of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)(ii), which are punishable by imprisonment for more than one year, the defendant, **ADRIAN NEGRON PEREZ**, shall forfeit to the United States all of his interest in any and all property constituting and derived from any proceeds the defendant obtained, directly and indirectly, as a result of such violations, and any and all property, real or personal, used and intended to be used in any manner or part to commit and to facilitate the commission of the aforesaid violation.

If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

a)    cannot be located upon the exercise of due diligence;

b)    has been transferred, sold to or deposited with, a third person;

    c)       has been placed beyond the jurisdiction of the court;

    d)       has been substantially diminished in value; or

    e)       has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

All as provided in Title 21, United States Code, Section 853.

A TRUE BILL.

S/ FOREMAN OF THE GRAND JURY

PRESENTED BY:

_____
LEAH E. MCEWEN
ASSISTANT UNITED STATES ATTORNEY

*Filed in open court this* 2nd *day of* Nov *A.D.* 2007

_____
Clerk

-7-